IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRYCE BREWER LAW FIRM, LLC**                                                                 **PLAINTIFF**

v.                                    Case No. 4:22-cv-00120-KGB

**REPUBLIC SERVICES, INC.,** *et al.*                                                            **DEFENDANTS**

## ORDER

Before the Court is plaintiff Bryce Brewer Law Firm, LLC's ("the Law Firm") motion to compel (Dkt. No. 36). Defendants BFI Waste Services, LLC ("BFI"), Republic Services, Inc. ("RSI"), and Republic Services Alliance Group, Inc. ("RSAGI") oppose the Law Firm's motion to compel (Dkt. No. 44). The Law Firm replied in support of its motion to compel (Dkt. No. 54). On September 14, 2022, the Court held a telephone conference with the parties at which time it heard argument on the motion to compel (Dkt. No. 52). During the telephone conference, the Court also discussed with the parties several pending motions including specially appearing defendants RSI and RSAGI's motions to dismiss the original complaint for lack of personal jurisdiction; BFI's motion for summary judgment as to the original complaint; and defendants' motion to lift stay (Dkt. Nos. 6; 8; 10; 45). For the following reasons, the Court denies the Law Firm's motion to compel, denies as moot RSI and RSAGI's motions to dismiss and BFI's motion for summary judgment, and grants BFI's motion to lift stay (Dkt. Nos. 6; 8; 10; 45).

**I.     Procedural Background**

The Law Firm filed its class action complaint on December 30, 2021, in the Circuit Court of Pulaski County, Arkansas, and requested two classes, a "rate increase class" and a "'fuel recovery fee' class" (Dkt. No. 2, at 14-15). On February 9, 2022, defendants removed the case to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA") (Dkt. No. 1). At the time

of removal, defendants asserted that the amount in controversy exceeded $7 million (Dkt. No. 1, ¶ 8). Dan Browne submitted a declaration in support of the notice of removal supporting the claim that the amount in controversy exceeded $7 million (Dkt. No. 1, at 99-100, ¶ 6). BFI answered the original complaint (Dkt. No. 5). Specially appearing defendants RSI and RSAGI filed motions to dismiss the original complaint for lack of personal jurisdiction (Dkt. Nos. 6; 8). BFI filed a motion for summary judgment as to the original complaint (Dkt. No. 10).

On March 8, 2022, the Law Firm filed its first amended class action complaint (the "operative complaint") (Dkt. No. 17). Two days later, BFI moved for entry of judgment or, in the alternative, for conditions upon the Law Firm's voluntary dismissal (Dkt. No. 18). BFI also moved to dismiss the operative complaint (Dkt. No. 21). Specially appearing defendants RSI and RSAGI moved to dismiss the operative complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and, in the alternative, for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) (Dkt. Nos. 23; 25).

The Law Firm filed unopposed motions for extension of deadlines to respond to pending motions stating that the parties had an agreement to exchange informal discovery relevant to subject matter jurisdiction and to enter into a protective order (Dkt. Nos. 16, 20, 30). The Court granted the unopposed motions for extension of deadlines in an Order dated April 5, 2022 (Dkt. No. 32). The Court stayed the deadlines for the Law Firm to respond to the defendants' pending motions until after the parties conducted informal discovery on subject matter jurisdiction (*Id.*).

**II.  Motion To Compel**

The Law Firm moves to compel "discrete discovery that is relevant to the amount in controversy in this litigation." (Dkt. No. 36). The Law Firm contends that defendants agreed to conduct informally jurisdictional discovery. The Law Firm states that defendants have "produced

a single spreadsheet and agreed to a deposition" of Dan Browne who submitted a declaration in support of the notice of removal (Dkt. No. 37, at 1). The Law Firm maintains, however, that "there is another document which Defendants created and relied upon for removal that shows that the amounts in the spreadsheet are not representative of the actual amount in controversy" (*Id.*). In its motion, the Law Firm asserts that defendants "have produced a similar document in another case [in South Carolina] following removal." (*Id.*). The Law Firm emphasizes that the spreadsheet that defendants produced here—which was created after removal—includes all customers and not all "class members" (Dkt. No. 37, at 6). The Law Firm also seeks a document that shows for the fuel recovery fee the amount customers actually paid, not the amount invoiced, which the Law Firm asserts is an overinclusive calculation (*Id.*).

Defendants oppose the motion to compel arguing that they do not have a document like the one described in the Law Firm's motion to compel. Defendants also maintain that defendants agreed to discovery regarding what they considered prior to removal, that they did not consider a document similar to the one requested by the Law Firm prior to removal, and that they should not be required to create such a document in order to produce it now, especially in the absence of a formal discovery request (Dkt. No. 44, at 5-7). Further, defendants oppose the motion because they agreed to informal discovery and because, defendants argue, assessing the amount in controversy does not require full discovery or an exhaustive evidentiary showing at this preliminary stage (Dkt. No. 44, at 7).

The Court denies the Law Firm's motion to compel because the Law Firm has not made a formal discovery request for the document it seeks to compel. Federal Rule of Civil Procedure 37 applies only when discovery requests have been served. Here, the parties chose to stay the Court's deadlines and engage in informal discovery. Accordingly, Rule 37 is not the appropriate vehicle

for the Law Firm to seek relief because defendants have not failed to produce documents requested under Rule 34. *See Haifley v. Naylor*, Case No. 4:CV94-3277, 1996 WL 539212, at *2 (D. Neb. July 9, 1996) ("When the plaintiff's 'informal requests' were not successful, plaintiff was left to serve a formal request for production under Rule 34. His failure to do so dooms the motion to compel production of the defendant's file, for the court cannot force compliance with informal requests."); *see also James v. Wash Depot Holdings, Inc.*, 240 F.R.D. 693, 695 (S.D. Fla. 2006). ("courts have denied motions to compel the production of documents where the movant failed to make a formal discovery request.") (collecting cases).

Even if the Law Firm had requested the document it seeks pursuant to a request under Federal Rule of Civil Procedure 34, the Court would deny the request because the document does not exist. The existence of such a document in a different case in another state does not require the existence of a similar document in this case prior to removal. Defendants represent that they did not rely on such a document in removing the case and that such a document does not exist. Defendants cannot produce a document that does not exist, and this Court will not require them to create such a document now under these circumstances.

With respect to the Law Firm's argument that the document it seeks will eventually be requested in discovery so should be produced now, this argument overlooks that there is no formal discovery request pending and may never be, if the Law Firm pursues remand successfully. Further, as defendants point out, the spreadsheet defendants produced informally was used as an aid to assess the amount in controversy for the proposed class and asserted claims in the Law Firm's original complaint pending at the time of removal. The Law Firm has already filed an amended, operative complaint that alters the proposed class and asserted claims. Defendants

maintain correctly that any merits-based discovery will be tied to the operative complaint. For all of these reasons, the Court denies the Law Firm's motion to compel.

At the hearing, the parties agreed that regardless of the outcome of the motion to compel the Law Firm may, if it chooses, conduct a deposition of Mr. Browne who submitted a declaration in support of the notice of removal. Accordingly, the Law Firm may, within 45 days of the date of this Order, conduct the deposition of Mr. Browne as informally agreed by the parties. The questioning of Mr. Browne, however, shall be limited in scope to the subject of the work he performed to support defendants' removal of this case and events on or before the date of removal, as agreed to by the parties. The Law Firm may also inquire of Mr. Browne regarding the spreadsheet he created in May 2022, but it may not inquire of Mr. Browne regarding additional documents that did not exist at the time of removal but that may be able to be created using defendants' customer relationship management systems.

### III. Other Pending Motions

In response to the Law Firm's original complaint, RSI and RSAGI filed motions to dismiss the original complaint for lack of personal jurisdiction (Dkt. Nos. 6, 8). At the hearing, counsel for defendants admitted that with the filing of the operative complaint RSI and RSAGI's motions to dismiss the original complaint are moot. Additionally, BFI answered the original complaint and then filed a motion for summary judgment (Dkt. No. 10). Defendants' counsel stated at the hearing that BFI's arguments in its motion for summary judgment are not repeated in any of the filings by BFI in response to the operative complaint.

The filing of the operative complaint moots RSI and RSAGI's motions to dismiss and BFI's motion for summary judgment. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (determining that the district court's granting a motion to dismiss an

original complaint and then denying as moot a then-pending motion to amend the complaint was "plainly erroneous" and determining that "[i]f anything, [the] motion to amend complaint rendered moot [the] motion to dismiss the original complaint"). Accordingly, the Court denies as moot RSI and RSAGI's pending motions to dismiss related to the original complaint and BFI's motion for summary judgment filed before the operative complaint was filed (Dkt. Nos. 6, 8, 10).

To the extent RSI and RSAGI would like to supplement their pending motions to dismiss the operative complaint, they may do so (Dkt. No. 23; 25). Additionally, BFI may file a motion for summary judgment directed to the Law Firm's operative complaint. Given the procedural posture of this case, the Court recognizes that the parties may choose to cite Federal Rule of Civil Procedure 10(c) and incorporate by reference their prior filings, if appropriate.

Also before the Court is defendants' motion to lift stay (Dkt. No. 45). Defendants seek to lift the stay so that the Law Firm will be required to respond to defendant BFI's motion for entry of judgment, or, in the alternative, for conditions upon plaintiff's voluntary dismissal, and defendants' motions to dismiss the operative complaint (Dkt. Nos. 18, 21, 23, 25). The Law Firm opposes the motion because it asserts that the informal discovery, which was the basis for the stay, has not occurred (Dkt. No. 51, at 2-3). The Law Firm contends that defendants have only produced one spreadsheet, and the parties have agreed to a deposition of the defendants' declarant but have agreed not to take the deposition until the motion to compel is resolved (Dkt. No. 51, at 1-2). The Law Firm also asserts that the stay should remain in place because, once the deposition has occurred, the Law Firm will likely move for remand (*Id.*).

Because the Court has denied the Law Firm's motion to compel and granted the Law Firm 45 days to take the deposition of Mr. Browne and because the Law Firm represents that it will be in a position to determine whether it will move for remand after it has deposed Mr. Browne, the

Court grants defendants' motion to lift stay after the 45-day period for the Law Firm to take Mr. Browne's deposition expires (Dkt. No. 45).  The Law Firm shall file responses to BFI's motion for entry of judgment, or, in the alternative, for conditions upon plaintiff's voluntary dismissal, defendants' motions to dismiss the operative complaint, and any other motions filed by defendants that become ripe for response under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas within 60 days from the date of this Order (Dkt. Nos. 18, 21, 23, 25).  If, as the Law Firm suggests, it moves for remand after concluding informal discovery by taking Mr. Browne's deposition, the Law Firm may, at that time, file a motion to continue the stay.[1]

### IV.    Conclusion

It is therefore ordered that:

1. The Court denies the Law Firm's motion to compel (Dkt. No. 36).

2. The Law Firm may, if it chooses to do so within 45 days of the date of this Order, under the informal agreement of the parties, depose Mr. Browne as limited by the terms and conditions set forth in this Order.

3. The Court denies as moot RSI and RSAGI's motions to dismiss and BFI's motion for summary judgment all filed before the filing of the operative complaint (Dkt. Nos. 6, 8, 10).

4. The Court grants BFI's motion to lift stay under the terms and conditions set forth in this Order (Dkt. No. 45).

---

[1] Because the Law Firm has not moved for remand at this time, the Court will not address whether the Law Firm has waived its right to seek remand.

So ordered this 16th day of September, 2022.

                                           _____
                                           Kristine G. Baker
                                           United States District Judge